The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This is in response to your request for an opinion on whether a runoff will be required in the election for state representative in the newly redistricted House District 44. Your correspondence indicates that this will be a three-man race, and therefore the possibility exists that no candidate will receive a majority of the votes.
It is my opinion that a runoff will not be required. Section7-5-704 of the Arkansas Code (1987) provides as follows:
 It shall be the duty of the Secretary of State, in the presence of the Governor, within thirty (30) days after the time allowed in this subchapter to make returns of elections by the county board of election commissioners, or sooner, if all the returns shall have been received, to cast up and arrange the votes from the several counties for each person voted for any legislative, judicial, or executive office, except the offices named in Arkansas Constitution, Article 6, § 3.[1] Such persons as shall have received the greatest number of legal votes for Justice of the Supreme Court and Commissioner of State Lands, within the state; Chancellor of the Pulaski County Chancery Court, Clerk of Pulaski County Chancery Court; judges of the circuit court and prosecuting attorneys, in their respective districts or circuits; judges of the county and probate court, circuit clerk, county clerk, sheriff, coroner, surveyor, and assessor, in their respective counties;[2] and all other officers required by law, shall be immediately commissioned by the Governor. [Emphasis added.]
The statute above applies to "any legislative, judicial, or executive office" except those mentioned in art. 6, § 3 of the constitution. See note 1, supra. It therefore applies to the office of state representative, which is a state legislative office. The statute requires the commissioning of officers who receive the "greatest number of legal votes." No provision is made for a runoff. The statute in question formerly provided for the commissioning of officers who "received the majority of votes. . . ." See Act 465 of 1969, Article 8, § 5. The statute was amended in 1971, however, to include the language concerning the "greatest number of legal votes." The only provision currently in the statute requiring a runoff is A.C.A. §7-5-704(b), which applies in the event two or more persons have an equal number of votes, and a higher number than any other person.
It is therefore my opinion that no runoff is required in the District 44 house race in the event one of the candidates does not receive a majority of the votes, so long as there is no tie vote.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This provision applies to the "Governor, Secretary of State, Treasurer of State, Auditor of State and Attorney General. . . ." This provision provides essentially the same procedure as A.C.A. § 7-5-704, except that the Speaker of the House is the officer to whom the returns are transmitted, and in case of a tie vote, the choice is to be made by a joint vote of both houses of the General Assembly. See also,
Arkansas Constitution Amendment 6, § 3 as to the Governor and Lieutenant Governor.
[2] A separate statute was enacted subsequently requiring runoffs in county and municipal offices. See A.C.A. § 7-5-106
(1987). See also however, Jeffers v. Clinton,740 F. Supp. 585 (E.D. Ark. 1990), appeal dismissed, 111 S.Ct. 1096
(1991).